IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TONY SHANE PETERS, #710206 | § | |
| VS. | § | CIVIL ACTION NO. 9:10cv41 |
| DIRECTOR, TDCJ-CID | § | |

ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner Tony Shane Peters, an inmate confined in the Texas prison system, proceeding *pro se*, filed the above-styled and numbered petition for a writ of habeas corpus complaining about his disciplinary case for use or possession of contraband in Case Number 20090081434. The petition was referred to United States Magistrate Judge Judith K. Guthrie, who issued a Report and Recommendation concluding that the motion to dismiss (docket entry #16) by the Director, TDCJ-CID, should be granted and the Petitioner's petition should be denied and dismissed with prejudice as time-barred and that a certificate of appealability should be denied. At the time the Report and Recommendation was issued, July 12, 2010, the Petitioner's opposition to the Director's motion to dismiss had not been entered on the docket of the Court. However, his document, titled as an "objection," had been received in the Clerk's office, and was entered on the docket as such, also on July 12, and backdated to July 9, 2010. Petitioner had placed the document into the prison mail system on July 4, 2010, making it timely filed under the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Between the title of the document and the timing of its filing, however, it escaped the Court's notice until Petitioner filed his untimely objections to the Report and

1

Recommendation itself on August 23, 2010. His objections were entered on the docket on August 24 at virtually the same moment the undersigned's original Order Adopting the Magistrate Judge's Report and Recommendation was also being entered on the docket. The missed opposition having been discovered in this manner, the Court vacated the original Order Adopting in order to consider Petitioner's arguments.

Now, having considered Petitioner's opposition, the Court observes that Petitioner essentially makes two arguments against dismissal. First, he argues that the doctrine of equitable tolling should apply to the periods of time during which his Step One and Step Two grievances were pending within TDCJ-CID. He is correct, but the Director, and the Magistrate Judge in her Report and Recommendation, already took those times into account, finding that Petitioner still filed his petition at least 13 days outside the statute of limitations.

Second, he apparently argues that he spent 21 days hospitalized with "nervous breakdowns" between October 2008 and May 2009, during which the statute of limitations should be tolled. He relies on *Carey v. Saffold*, 536 U.S. 214, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002), without clearly explaining how it supports his claim. He seems to claim that, under *Carey*, his delay was not unreasonable for a lack of diligence. *Id*. at 226. However, *Carey* does not establish roadmarks for determining lack of diligence; the Supreme Court vacated the Ninth Circuit's judgment and remanded the matter for that Court to make the determination. Further, the Supreme Court was dealing with determinations of postconviction state collateral review in a federal habeas petition, better handled in a lower court. Here, Petitioner is simply collaterally attacking a judgment of guilt in a disciplinary case conducted within the prison system, addressed in two grievances and now by his federal habeas application. His situation is wholly distinguishable from the concerns in *Carey*.

Moreover, Petitioner has submitted no evidence, and pointed to none in the record, of his "nervous breakdowns" or their dates. From the scant information he provided, the alleged 21 days could have all occurred prior to his finding of guilt by the prison's Disciplinary Hearing Officer on December 2, 2008, the date the statute of limitations began accruing in his case. Without evidence to support his claims, they are merely conclusory allegations that do not raise a constitutional issue in a habeas proceeding. *Murphy v. Dretke*, 416 F.3d 427, 437 (5th Cir. 2005), *cert. denied*, 546 U.S. 1098, 126 S. Ct. 1028, 163 L. Ed. 2d 868 (2006). Therefore, his opposition is without merit.

In addition, the Court has considered the Petitioner's objections to the Magistrate Judge's Report and Recommendation, although they were untimely filed. First, Petitioner objects because the Magistrate Judge, for the reasons explained above, did not consider his opposition to the Director's Motion to Dismiss. That is now rectified. Second, he again raises the issue that time during the pendency of state mandated administrative review processes, such as the TDCJ grievance system, equitably toll the statute of limitations for federal habeas purposes. This issue, too, has been adequately discussed above. That time has already been taken into account and Petitioner still exceeded the statute of limitations. Therefore, his objections are also without merit.

Following this *de novo* review, the Court remains of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, having addressed Petitioner's concerns, the Court otherwise hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is therefore

**ORDERED** that the Director, TDCJ-CID's motion to dismiss (docket entry #16) be **GRANTED**. It is further

**ORDERED** that Petitioner's petition for a writ of habeas corpus is **DENIED** and this case is hereby **DISMISSED** with **PREJUDICE** as time-barred. It is further

**ORDERED** that a certificate of appealability is hereby **DENIED**.

So **ORDERED** and **SIGNED** this **1** day of **September, 2010.**

_____
Ron Clark, United States District Judge